SOUTHERN RAILWAY COMPANY *v.* MARGARET A. VAUGHN.

CARRIERS. *Railroads. Transportation of freight. Delivery to connecting carrier.*

    A railroad company which, upon receipt of goods for carriage beyond its own line, delivers the same in good condition, without unreasonable delay, to the proper connecting carrier for further carriage, has performed its duty in respect to the shipment, and its liability therefor ceases.

FROM the circuit court of Webster county.

HON. J. T. DUNN, Judge.

Miss Vaughn, the appellee, was plaintiff, and the railway company, the appellant, defendant in the court below. From. a judgment in plaintiff's favor the defendant appealed to the supreme court.

The suit was begun in a justice of the peace's court by appellee against appellant for $58, the value of one sewing machine shipped by appellee on December 21, 1901, from Eupora, Miss., consigned to appellee at Caddo, Indian Territory. The bill of lading contained this provision—viz.: "Received by the Southern Railway Company, at Eupora, Miss., December 12, 1901, from (M. A. Vaughn) the property described below (the sewing machine), . . . which said carrier agrees to carry to said destination (Caddo, I. T.) if on its own road, or otherwise to deliver to another carrier on the route to said destination," and a further provision limiting the liability of appellant to loss or damage occurring on its own line. From judgment for plaintiff, defendant appealed to the circuit court. The circuit court refused a peremptory instruction for defendant. The

opinion of the court contains a statement of such other facts as are necessary to an understanding of the case.

*A. F. Fox,* for appellant.

It was nowhere denied, but affirmatively proven by uncontradicted testimony, that the machine was without delay delivered to the Choctaw, Oklahoma & Gulf Railroad at Memphis, Tennessee, by the agent of the Southern Railway Company, in good condition.

The bill of lading limits the liability of the defendant absolutely to loss or damage that might occur on its own line through the negligence of its servants, and here it is affirmatively proven that, whatever might have occurred afterward, the identical machine in controversy was delivered in good order without delay at Memphis, Tennessee, to another carrier, by the agent of the Southern Railway Company. For this reason the peremptory instruction should have been granted. *Crawford* v. *Railroad Association,* 51 Miss., 222; *Railroad Co.* v. *Kerr,* 68 Miss., 14.

*N. W. Bradford,* for appellee.

If the machine in controversy was lost through the negligence or misconduct of the defendant company, no notice of the loss was required. *Southern Express Co.* v. *Hunnicutt,* 54 Miss., 566.

The testimony of witnesses Gray and Jenkins was sufficiently contradicted by the testimony of J. R. Vaughn, the deposition of Doxie, the records in the office at Caddo, and other evidence in the cause, to authorize the lower court to submit the question to the jury.

TRULY, J., delivered the opinion of the court.

The affidavit for a continuance filed by the appellant recited that it expected to prove by certain witnesses, whose depositions had been delayed, that the identical machine forming the basis of this litigation was at that date in the possession of the agent

of the Memphis, Kansas & Texas Railway Company at Caddo, Indian Territory, to which place it was shipped (from Eupora on December 21, 1901), and that it arrived there on January 18, 1902; further, that said machine was received at Memphis, Tenn., in December, 1901, and by the agent of the Southern Railway Company "turned over to the Choctaw, Oklahoma & Gulf Railroad in good condition, and without unreasonable delay, for shipment to Caddo, Indian Territory." The record recites that "the plaintiff admitted that the witness mentioned in said affidavit would testify as recited in said affidavit, and agreed that said affidavit might be read in the trial as if the testimony was produced in open court."

It is conceded that, if the appellant transported the machine and delivered the same to its connecting carrier without unreasonable delay and in good condition, its responsibility for the shipment ceased, so far as this suit is concerned, with said delivery. This is expressly recognized by the instruction granted for appellee, which predicates recovery solely upon the theory that the railroad company negligently failed to deliver the machine to its connecting carrier. The same legal proposition is correctly stated in the instruction granted to appellant. But in the face of the express and uncontradicted admission as to the prompt transportation and delivery in good order by appellant, there was no conflict of testimony as to the vital point in the case, no proof of any negligence on the part of the appellant, and consequently nothing on which to base an instruction. Wherefore it was error to refuse the peremptory instruction asked by the appellant.

*Reversed and remanded.*